UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMIAH N. GARRETT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 16-cv-336-JPG
Criminal No. 11-cr-40004-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jeremiah N. Garrett's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Pursuant to Administrative Order 176, counsel was appointed to represent the petitioner because his motion was based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 3). Counsel has moved to withdraw on the basis that, even if *Johnson* applied retroactively on collateral review, she can make no non-frivolous argument in support of § 2255 relief for Garrett (Doc. 7). The Government has responded to counsel's motion to withdraw expressing no objection (Doc. 9). Garrett objects to counsel's withdrawal, maintains he is "actually innocent" of being a career offender, and argues counsel should remain in the case to file an amended petition on that basis (Doc. 11).

**I.    Background**

On March 10, 2011, Garrett pled guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At sentencing on June 9, 2011, the Court found that Garrett was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 based on one prior felony conviction for unlawful delivery of a controlled substance and one prior felony conviction for aggravated battery. This aggravated battery conviction was charged and adjudicated under the Illinois statute that prohibits aggravated

battery by "knowingly causing bodily harm." *See* 720 ILCS 5/12-3 & -4(b)(6) (2005).[1]
Garrett's career offender status established a base offense level of 34. His offense level was reduced by three points under U.S.S.G. § 3E1.1(a) to 31 because Garrett timely demonstrated acceptance of responsibility for his offense. Considering Garrett's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 216 months for each count, to run concurrently. *See* 21 U.S.C. § 841(b)(1)(C). Garrett did not appeal his sentence.

Garrett filed this § 2255 motion after sending three letters to the Court in which he sought the benefit of *Johnson*, which he believed would cause the Court to revisit its decision that he was a career offender and resentence him without imposing the career offender enhancement (Case No. 11-cr-40004, Docs. 45-47). In response, the Court sent him a § 2255 motion form, which Garrett used to draft the complaint in this case.

In his § 2255 motion, the petitioner raises the following claims:

- He is entitled to a drug reduction under 18 U.S.C. § 3582(c)(2) by virtue of Amendment 782 to the sentencing guidelines; and

- His three prior crimes do not qualify as "crimes of violence" sufficient to support career offender status.

---

[1] In April 2005, when Garrett committed the aggravated battery, Illinois law defined the crime of battery as follows: "(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3 (2005). At that time, it further defined the crime of aggravated battery as follows:
> (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.
> (b) In committing a battery, a person commits aggravated battery if he or she:
> * * *
> (6) Knows the individual harmed to be a peace officer. . . engaged in the execution of any official duties. . . ."

720 ILCS 5/12-4 (2005).

In counsel's motion to withdraw, she notes that Garrett's eligibility for a drug reduction was handled in his criminal case and that neither of his prior felony convictions is impacted by *Johnson*. The Government agrees, but Garrett objects. He claims he is "actually innocent" of being a career offender because one of his prior felony convictions was "stricken as a crime of violence" by *United States v. Evans*, 576 F.3d 766 (7th Cir. 2009) (*per curiam*).

The Court conducts its preliminary review of Garrett's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and its evaluation of counsel's motion to withdraw at the same time. Because it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief, the Court will deny Garrett's § 2255 motion and will grant counsel's motion to withdraw.

## II.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

## III.    Analysis

### A.     Applicability of *Johnson*

In his § 2255 motion, the petitioner suggests that his due process rights were violated when the Court found his prior conviction for aggravated battery was a "crime of violence"

3

supporting career offender status, and thus a higher guideline sentencing range. The career offender guideline states, in pertinent part, that a prior offense is a crime of violence if it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added). Subsection (1) is referred to as the "force clause," while the italicized portion of subsection (2) is referred to as the "residual clause."

The petitioner's main argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the career offender residual clause to support career offender status, thereby increasing the guideline sentencing range, is also unconstitutional. *Id.* at 725.

Garrett is not entitled to relief under *Johnson* for two reasons. First, the rationale for *Johnson* does not apply to the sentencing guidelines. Second, even if it did, Garrett's prior aggravated battery crime was a crime of violence because it qualified under the force clause, not the residual clause, so *Johnson* would not impact him.

*Hurlburt*, the Seventh Circuit Court of Appeals case applying *Johnson* to the career offender guidelines, was abrogated by *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which held that sentencing guidelines are not amendable to vagueness challenges. This is

4

because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. *Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief under the rationale of *Johnson*.

Even if *Johnson* applied to invalidate the residual clause of the career offender guideline, the residual clause had nothing to do with Garrett's career offender status. One of the prior felonies on which his career offender status was based was a drug felony, which was unaffected by *Johnson*. The other prior felony on which his career offender status was based was an aggravated battery by "causing bodily harm." *See* 720 ILCS 5/12-3 & -4(b)(6) (2005). This conviction was a crime of violence for career offender purposes because it qualified under the force clause; it had "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012) ("[A] conviction under the first prong of the Illinois battery statute, 720 ILCS 5/12-3, which requires that the person 'causes bodily harm,' has as an element 'the use, attempted use, or threatened use of physical force.'"); *see United States v. Lynn*, 851 F.3d 786, 799 (7th Cir. 2017).[2]

Nothing in *United States v. Evans*, 576 F.3d 766 (7th Cir. 2009) (*per curiam*), alters this analysis. In *Evans*, the Court of Appeals held that a prior conviction for aggravated battery by "mak[ing] physical contact of an insulting or provoking nature with an individual," 720 ILCS 5/12-3(a) (1973), did not qualify as a crime of violence for career offender guideline purposes. *Evans*, 576 F.3d at 769. This was because the crime did not have "as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G.

---

[2] In his § 2255 motion, Garrett also mentions a prior conviction for domestic battery. That conviction did not serve as the basis for his career offender status, so the Court need not address whether it qualified as a crime of violence under the career offender guidelines.

5

§ 4B1.2(a)(1), and did not fall within any other definition of crime of violence under U.S.S.G. § 4B1.2(a). *Evans*, 576 F.3d at 767-68. Garrett was convicted under a different prong of the Illinois aggravated battery statute which, as noted above, fell within the force clause, so *Evans* has no impact on his case.

For these reasons, Garrett is not entitled to § 2255 relief based on any error in classifying the crimes used to support his career offender status, and there is no non-frivolous argument counsel can make in support of a contrary conclusion.

B.  Guideline Amendments

Garrett's request for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of sentencing guideline amendments will be handled in his criminal case and is not the proper subject of a § 2255 motion. The Court will direct that a copy of Garrett's § 2255 motion be filed in his criminal case as a motion for a sentence reduction.

C.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that

6

the petitioner has not made such a showing and, accordingly, declines to issue a certificate of appealability.

IV. **Conclusion**

For the foregoing reasons, the Court:

- **DENIES** Garrett's § 2255 motion (Doc. 1);

- **GRANTS** counsel's motion to withdraw (Doc. 7);

- **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** as counsel in this case;

- **DIRECTS** the Clerk of Court to file a copy of Garrett's § 2255 motion in his criminal case as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2);

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 3, 2017**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**