UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMIAH N. GARRETT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 16-cv-336-JPG
Criminal No. 11-cr-40004-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jeremiah N. Garrett's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (6) (Doc. 14) from the Court's May 4, 2017, order and judgment (Docs. 12 & 13) denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 motion, Garrett argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), unconstitutionally vague, revealed that the three prior crimes supporting Garrett's career offender status did not qualify as "crimes of violence" under a nearly identical sentencing guideline residual clause. The Court denied his motion, finding (1) that the rationale of *Johnson* does not apply to the sentencing guidelines because advisory sentencing guidelines are not amenable to vagueness challenges, *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), and (2) that even if *Johnson* did apply, Garrett's prior aggravated battery crime was a crime of violence because it qualified under the force clause of the career offender guideline, not the residual clause addressed in *Johnson*. In his Rule 60(b) motion, Garrett argues that the Court was wrong to find his prior aggravated battery fell under the force clause of the career offender guideline.

The Court must dismiss Garrett's motion as an unauthorized second or successive § 2255 motion. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is,

a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Garrett's pending motion reasserts his original argument that his prior aggravated battery conviction is not a "crime of violence" for career offender purposes and attacks the Court's prior reasoning finding that it is. His motion is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Garrett's motion (Doc. 14) and will dismiss it for lack of jurisdiction.

The Court further declines to issue a certificate of appealability, which is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to

deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that the petitioner has not made such a showing and, accordingly, declines to issue a certificate of appealability.

For the foregoing reasons, the Court **DISMISSES** Garrett's motion for relief from judgment under Rule 60(b)(1) and (6) (Doc. 14) and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:  May 8, 2018**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**